UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY TRUST FUNDS and TRUSTEES OF THE INTERNATIONAL UNION OF PAINTERS and ALLIED TRADES NATIONAL PENSION FUND and THE STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK LOCAL UNION NO. 806,<br><br>Plaintiffs,<br><br>-against-<br><br>TWINS CONTRACTING LLC and YVETTE PALERMO a.k.a. YVETTE ORTEGA,<br><br>Defendants. | Index No.: 25-cv-01857(JGLC)<br><br>STIPULATION OF JUDGMENT BY CONSENT |

---

Plaintiffs, Trustees of the Local 806 Structural Steel and Bridge Painters of Greater New York Employee Trust Funds and Trustees of the District Council No. 9 Painting Industry Trust Funds and Trustees of the International Union of Painters and Allied Trades National Pension Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and the Structural Steel and Bridge Painters of Greater New York Local Union No. 806, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") and Defendants, Twins Contracting LLC and Yvette Palermo a.k.a. Yvette Ortega (collectively referred to as "Defendants") have agreed to resolve all matters in controversy between them in this action (the "Action"), without admitting liability, in order to spare Plaintiffs the time and expense of further litigation.

WHEREAS, Plaintiffs filed a Complaint dated March 5, 2025 (ECF 1), asserting claims under the Labor Management Relations Act and Employee Retirement Income Security Act against Defendants for unremitted fringe benefit contributions owed to eligible employees; and

WHEREAS, Defendants filed a third-party action, in relevant part, against Nuco Painting Corp. dated May 12, 2025 (ECF 17), asserting claims that Nuco had filed a false mechanic's lien (the "Lien") which had unlawfully denied payment to Defendants of earned funds out of which the unremitted fringe benefit contributions were to be paid; and

WHEREAS, by Order dated August 10, 2026 (ECF 59), the Court dismissed Defendants' third-party claims against Nuco which is now the subject of a foreclosure action captioned *Nuco Painting Corp. v. Twins Contracting LLC, et al.*, Index No. 612471/2025 (Hon. David T. Reilly) pending in the Supreme Court of the State of New York, County of Suffolk, (the "State Court Action"); and

WHEREAS, the parties addressed with the Court at a case management conference before the Court held on September 3, 2026, their willingness to enter this Stipulation of Judgment by Consent and Defendants' inability to satisfy any Judgment until resolution in the State Court Action of the issues pertaining to the validity of the Lien; and

WHEREAS, the Court indicated its willingness to oversee a Consent Judgment mindful of the underlying issues presented by the existence of the Lien and the State Court Action; and

WHEREAS, the Court has reviewed this agreement and finds good cause to enter this Judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

Plaintiffs shall have Judgment against the Defendants in the liquidated amount of One Hundred and Twelve Thousand and Five Hundred and Sixty-Four Dollars and no Cents ($112,564.00), which includes principal benefit contributions and interest for the period September 30, 2024 through November 24, 2024, and the Clerk of the Court is directed to enter such final Judgment forthwith, execution of which Plaintiffs agree to hold in abeyance subject to the numbered provisions listed below.

1. **Retention of Jurisdiction.** The Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing the terms of this Stipulation and the Judgment entered hereunder, including the authority to hear and resolve any and all disputes arising from or related to the enforcement of the Judgment. For this purpose, the parties request that they be permitted to appear before the Court within 70 days of the date of this Stipulation and Judgment (the "Status Conference").

2. **Enforcement Standstill Pending Resolution of Mechanic's Lien.** As discussed with the Court at the September 3 case management conference, Defendants have requested that Plaintiffs refrain from taking steps to execute upon, collect, or otherwise enforce the Judgment until the full and final resolution of the mechanic's lien filed by Nuco Painting Corp. (the "Lien") which currently blocks payment of the Judgment. Claims to resolve the Lien had been part of this Action before they were dismissed, and the Lien is now the subject of the foreclosure action captioned *Nuco Painting Corp. v. Twins Contracting LLC, et al.*, Supreme Court of the State of New York, County of Suffolk, Index No. 612471/2025 (Hon. David T. Reilly). Plaintiffs agree that they shall refrain from taking any steps to execute upon, collect, or otherwise enforce the Judgment except as stated herein until the parties can be heard by the Court at the Status Conference. Notwithstanding the foregoing, Plaintiffs may also seek leave of the Court to enforce the Judgment (in the manner described below) prior to the Status Conference upon a showing of good cause based on any changed circumstances, including, but not limited to, other entities not named in this lawsuit, starting or initiating enforcement and/or collection proceedings against either Defendants, or the filing of any bankruptcy proceeding by either Defendant; provided, however, that before taking any enforcement action, Plaintiffs shall first appear before the Court for an in-person conference at which Defendants shall have an opportunity to be heard.

3. **Court Pre-Approval and Advance Notice.** Except as expressly permitted by this Stipulation, Plaintiffs shall not initiate any enforcement proceeding with respect to the Judgment prior to

the Status Conference without prior approval of the Court. At least three (3) days before initiating any such proceeding or filing any enforcement application, Plaintiffs shall provide advance written notice to the Court via ECF and to all parties via email to counsel, setting forth the basis for the requested enforcement and the changed circumstances relied upon.

4. **Defendants' Right to Respond.** Defendants shall have the right to oppose or otherwise respond to any application by Plaintiffs to enforce the Judgment. Defendants shall file and serve any written opposition within seven (7) days after service via email of Plaintiffs' enforcement application to counsel for Defendants, and the parties express their preference, and hereby request, that the Court hold a conference or hearing before ruling on any such application.

5. **Standard for Enforcement; Reservation of Rights.** In evaluating any application by Plaintiffs to enforce the Judgment prior to full resolution of the Lien or prior to the Status Conference, the Court shall consider whether Plaintiffs have demonstrated good cause based on changed circumstances, including any risk to the collectability of the Judgment, and shall weigh the equities to the parties. Nothing in this Stipulation shall limit the Court's authority to fashion such further relief or protective conditions as it deems just and proper to give effect to the intent of this Stipulation. The parties' respective rights and remedies with respect to the Lien are otherwise reserved. This Stipulation is not binding on the Department of Labor's efforts to collect the benefit contributions owed and shall not impede Plaintiffs' right to collect monies on the Judgment anytime directly from the Owner of the Project, and this Judgment is not binding on any other Party other than the Defendants named herein and any amounts paid toward this Judgment by any Party shall be credited against the Judgment herein.

6. **Fees and Costs**. Other than as included in the Judgment, each party shall bear its own attorneys' fees, costs, and expenses incurred in connection with this action.

AGREED and CONSENTED this _________ day of ________________ 2026

FLEMING LAW PLLC

By: */s/ William B. Fleming*
William B. Fleming
747 Third Avenue, 32nd Floor
New York, New York 10017
(917) 744-8740
wfleming@fleminglawpllc.com

BARNES IACCARINO & SHEPHERD LLP

By: */s/ Dana L. Henke*
Dana L. Henke
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
dhenke@bislawfirm.com

The Clerk of Court is directed to close the case.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: October 6, 2026
White Plains, New York